IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00156-MOC-WCM

| | |
|---|---|
| KRISTINA RENE FROST and <br> GARY ALLEN MAYS, <br> *Individually and as Personal* <br> *Representatives of the Estates of* <br> Shawna Rene Mays and <br> Tristan Allen Mays <br><br> Plaintiffs, <br><br> v. <br><br> AMSAFE COMMERCIAL <br> PRODUCTS, INC., AMSAFE, INC., <br> TRANSDIGM GROUP, INC., and <br> SHIELD RESTRAINT SYSTEMS, INC. <br><br> Defendants. | ORDER |

This matter is before the Court on "Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery Regarding Personal Jurisdiction and for an Extension of Time to Respond to Defendants' Motion to Dismiss" (the "Motion for Jurisdictional Discovery," Doc. 27). Defendants have responded in opposition to the Motion and Plaintiffs have replied. Docs. 28, 29.

I.  Procedural Background

Plaintiffs filed their original Complaint on June 11, 2021 and an Amended Complaint on June 22, 2021. Docs.1, 7.

1

On July 16, 2021, Defendants filed a Motion to Dismiss seeking dismissal of Plaintiffs' claims pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Doc. 10.

On August 2, 2021, Plaintiffs filed a motion requesting an extension of time to respond to the Motion to Dismiss. Doc. 22. That request was allowed, and Plaintiffs' response time was extended to August 30, 2021.

On August 30, 2021, Plaintiff filed the instant Motion for Jurisdictional Discovery. Doc. 27. Consequently, Plaintiffs' deadline to respond to Defendants' Motion to Dismiss was stayed.

## II. The Parties' Positions

### A. Plaintiffs' Allegations and Defendants' Motion to Dismiss

This matter centers on a vehicle fire that occurred on July 3, 2018 when Plaintiff Kristina Rene Frost was driving her 2004 Buick Rendezvous in Jackson County, North Carolina. Tragically, Plaintiffs' two minor children died as a result of that fire.

Generally, Plaintiffs have asserted claims for negligence, gross negligence, recklessness, products liability, fraud, and wrongful death, arising from an allegedly defective car seat buckle they claim was jointly manufactured, designed and/or supplied by Defendants AmSafe Commercial Products, Inc., AmSafe, Inc., TransDigm Group, Inc., and Shield Restraint Systems, Inc.

In their Motion to Dismiss, Defendants state that Plaintiffs previously filed suit against General Motors, LLC, which manufactured the vehicle, in Michigan state court and also brought a separate case against Evenflo, the manufacturer of the car seat, in the state courts of Ohio. Defendants contend that because Plaintiffs' claims against Defendant AmSafe, Inc. would have been dismissed as untimely under Ohio's two-year statute of limitations, Plaintiffs voluntarily dismissed that defendant from the Ohio case and re-filed against Defendants in North Carolina, to take advantage of North Carolina's three-year statute of limitations.

Further, Defendants argue that this Court does not have general personal jurisdiction over Defendants as their "minimal contact with [North Carolina] does not render it so heavily engaged in activity in North Carolina as to be 'at home.'" Doc. 10 at 12.

Defendants also argue that this Court lacks specific personal jurisdiction over Defendants because Defendants' contact with North Carolina is unrelated to Plaintiffs' claims and Plaintiffs have not alleged that the purportedly defective car seat was purchased in North Carolina. Id.

### B. The Motion for Jurisdictional Discovery

Plaintiffs seek leave to conduct jurisdictional discovery to resist Defendants' Motion to Dismiss. In support of their request, Plaintiffs argue that they should be allowed to inquire into Defendants' contacts with North

3

Carolina. Doc. 27-1 at 2. Plaintiffs contend that Defendants' own websites and public reporting documents indicate that Defendants have sufficient contacts with North Carolina. Id. Plaintiffs also argue that Defendants "appear to be largely interconnected companies that operate with many of the same corporate executives." Id. at 5. Plaintiffs contend that these allegations are sufficient to establish a *prima facie* showing of personal jurisdiction but that, in any event, they entitle Plaintiffs to take jurisdictional discovery with regard to Defendants' contacts with North Carolina. Id. at 6.

In response, Defendants argue that "none of the information identified by Plaintiffs in the Motion would change the outcome of the jurisdictional analysis, even if Plaintiffs were permitted to conduct discovery." Doc. 28 at 1. Defendants contend that the "sporadic connections" Plaintiffs have allegedly identified between Defendants and North Carolina do not establish general jurisdiction. Additionally, Defendants argue that discovery will not aid Plaintiffs in demonstrating specific jurisdiction since Plaintiffs cannot show that the subject car seat was purchased in North Carolina. Id. at 2.

In reply, Plaintiffs state that the subject car seat was given by Cindy Duckworth, who is a resident of Lenoir, North Carolina, as a baby shower gift to Kelly Holland, who is the sister of Plaintiff Kristina Frost. Plaintiffs state that additional evidence will show that the baby shower took place in North

4

Carolina and that Ms. Frost was borrowing the car seat from Ms. Holland at the time of the fire.

### III. Discussion

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003) citing Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir.1993).

"When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Carefirst of Maryland, 334 F.3d at 402; see also Base Metal Trading, Ltd v. OJSC "Novokuznetsky Aluminum Factory ", 283 F.3d 208, 216 n.3 (4th Cir. 2002) (finding the district court did not abuse its discretion in denying jurisdictional discovery where "the plaintiff simply want[ed] to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction"); Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc., 301 F.Supp.2d 545, 554 (E.D. Va. 2004) ("The court does not abuse its discretion to deny jurisdictional discovery when the plaintiff raises only 'bare allegations' to dispute defendant's affidavits denying jurisdictional acts or contacts").

However, "[w]hen the existing record is inadequate to support personal jurisdiction over a defendant…the plaintiff is entitled to jurisdictional discovery if it can demonstrate that such discovery would yield 'additional

5

facts' that would 'assist the court in making the jurisdictional determination.'" FrenchPorte, LLC v. C.H.I. Overhead Doors, Inc., No. GJH-20-00467, 2021 WL 242499, at *8 (D. Md. Jan. 24, 2021) (quoting FrenchPorte IP, LLC v. Martin Door Mfg., Inc., No. TDC–14–0295, 2014 WL 4094265, at *5 (D. Md. Aug. 14, 2014) (quoting Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 1323 (Fed. Cir. 2005))); see also Gibbs v. Plain Green, LLC, 331 F.Supp.3d 518, 529 (E.D. Va. 2018) ("Jurisdictional discovery can be appropriate when a plaintiff files a motion containing specific and substantive allegations regarding a court's jurisdiction, or when significant gaps in the record exist[ ] regarding the court's jurisdiction over the defendant") (internal citations and quotations omitted).

"The Court may order discovery directed at jurisdictional issues alone." Spigner v. Knight Transportation Inc., No. 3:20-CV-00236-RJC-DSC, 2020 WL 3415386, at *2 (W.D.N.C. June 20, 2020) (collecting cases), report and recommendation adopted sub nom. Spigner v. Knight Refrigerated LLC, No. 3:20-CV-236-RJC-DCK, 2021 WL 917485 (W.D.N.C. Mar. 10, 2021).

Here, Defendants argue that jurisdictional discovery will not be helpful as to a general jurisdictional analysis because it is undisputed that none of the Defendants are incorporated or have their principal place of business in North Carolina. Doc. 28 at 2. Additionally, they contend that jurisdictional discovery "will not enable Plaintiffs to satisfy specific jurisdiction because they are

6

unable to show Defendants' connection with the forum was related to the litigation absent a showing the allegedly defective car seat was purchased in North Carolina." Id.

It is not immediately clear that Plaintiffs would need jurisdictional discovery to determine the specific fact of whether the car seat was purchased in North Carolina; Plaintiffs' allegations suggest that Plaintiffs have, or can obtain, this information from sources other than Defendants. See Doc. 29 at 2 ("Additional evidence will show that the baby shower was in North Carolina, and that the car seat was purchased by a North Carolina resident for a North Carolina resident…").

Plaintiffs, however, request leave to conduct jurisdictional discovery on the broader topic of Defendants' contacts with North Carolina. While Defendants argue that jurisdictional discovery overall would be futile and would confirm that none of the Defendants had a connection with North Carolina that was associated with or related to the allegedly defective product involved in this case, they acknowledge that jurisdictional discovery "could, admittedly, potentially be relevant to the first prong of the specific jurisdiction analysis." Doc. 28 at 4.

The undersigned is persuaded that Plaintiffs should be allowed to conduct some jurisdictional discovery in this matter, particularly as it may

provide a more complete record upon which the District Court can consider the defenses raised by Defendants in their Motion to Dismiss.

The next question is determining the specific types of jurisdictional discovery that are appropriate. While Plaintiffs generally indicate that they would like to take discovery pursuant to Rules 30, 33, and 34 of the Federal Rules of Civil Procedure, neither side has suggested how jurisdictional discovery, if it is allowed, should be limited.

Given the issues described by the parties' filings, and considering that the Rules of Civil Procedure direct that discovery be proportional to the needs of a case, the undersigned concludes that Plaintiffs should be given leave to conduct the following jurisdictional discovery: 1) service of up to 10 single part interrogatories to each Defendant, 2) service of up to 5 document requests to each Defendant, and 3) a deposition of each Defendant, not to exceed more than two hours in length (on the record).

**IT IS THEREFORE ORDERED THAT:**

1. "Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery Regarding Personal Jurisdiction and for an Extension of Time to Respond to Defendants' Motion to Dismiss" (Doc. 27) is **GRANTED** and Plaintiffs are **GIVEN LEAVE** to conduct the jurisdictional discovery described above. Said discovery shall be completed by **December 8, 2021**.

2. Plaintiffs' deadline for responding to Defendants' Motion to Dismiss (Doc. 10) is **EXTENDED** to and including **December 22, 2021**.

Signed: October 8, 2021

W. Carleton Metcalf
United States Magistrate Judge