IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00156-MOC-WCM

| | |
|---|---|
| KRISTINA RENE FROST and GARY ALLEN MAYS, *Individually and as Personal Representatives of the Estates of* Shawna Rene Mays and Tristan Allen Mays<br><br>Plaintiffs,<br><br>v.<br><br>AMSAFE COMMERCIAL PRODUCTS, INC., AMSAFE, INC., TRANSDIGM GROUP, INC., and SHIELD RESTRAINT SYSTEMS, INC.<br><br>Defendants. | ORDER |

This matter is before the Court on Plaintiff's Motion to Compel Discovery (the "Motion to Compel," Doc. 38).

On October 8, 2021, the undersigned granted Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery Regarding Personal Jurisdiction and for an Extension of Time to Respond to Defendants' Motion to Dismiss. Doc. 30. Plaintiffs were granted leave to serve interrogatories and document requests and to take a deposition of each Defendant. Id. at 8. The deadline to complete this jurisdictional discovery was set for December 8, 2021, and the deadline for

1

Plaintiffs to respond to the Motion to Dismiss was extended through and including December 22, 2021. Id.

On December 7, 2021, the parties filed a joint motion requesting through and including January 31, 2022 to conduct jurisdictional discovery and also requesting that the deadline for Plaintiffs to respond to the Motion to Dismiss be extended. Doc. 32.

On December 8, 2021, the undersigned allowed that motion in part, and extended the deadline to complete jurisdictional discovery through and including January 7, 2022. Doc. 33. In the December 8 Order, the parties were advised that because the Motion to Dismiss had been pending since July 16, 2021 and as this matter should proceed without undue delay, the revised deadlines would not be extended absent extraordinary circumstances.

On December 23, 2021, the parties filed a Joint Motion to Extend Deadline for Jurisdictional Depositions. Doc. 34. That motion did not mention disputes with the written jurisdictional discovery but rather asked that the relevant deadlines be extended for an additional two weeks "to ensure the appropriate corporate representatives are both available (and not traveling for the holidays), and also adequately prepared and accommodated in light of the holidays and travel safety of all." Doc. 34 at 2.

On December 28, 2021, the undersigned denied that motion, as it was not apparent why the parties remained unable to complete the corporate depositions, which are limited in time and scope. Doc. 35.

On December 31, 2021, Plaintiffs filed the instant Motion to Compel, Doc. 38, in which Plaintiffs state that Defendants' responses to Plaintiffs' written jurisdictional discovery were served on December 20, but that those responses were inadequate. Id. at 3. Plaintiffs therefore contend that they need additional time to complete jurisdictional discovery, and that Defendants should be compelled to "adequately respond" to Plaintiff's written discovery within fourteen days. Id. The Motion to Compel also states that Plaintiffs have noticed the depositions of Defendants' corporate representatives for January 6 and 7 (the last two days of the extended jurisdictional discovery period).

Plaintiffs' desire to obtain complete responses to Plaintiffs' written jurisdictional discovery requests is appropriate.

However, it is not apparent from the record that counsel for the parties have fully discussed the dispute over Defendants' responses as required by Local Civil Rule 7.1(b); a "Certificate of Conference" contained in the Motion to Compel indicates only that Plaintiffs' counsel "attempted to confer with Defendants' counsel" on December 31, 2021—the day the Motion to Compel was filed—but that "such attempts were to no avail."

In addition, the undersigned is not convinced that further delaying the completion of jurisdictional discovery so that the Motion to Compel can be fully briefed and decided is the most efficient use of the resources of the parties or the Court. As noted, Plaintiffs' have represented that the depositions of Defendants' corporate representatives have been noticed for January 6 and January 7, 2022, and it is not apparent from the record that the information Plaintiffs seek cannot adequately be obtained during those depositions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. 38) is **DENIED WITHOUT PREJUDICE**. Plaintiffs may file a revised motion seeking an Order directing Defendants to serve supplemental written discovery responses, provided that such motion 1) may not be filed prior to the completion of the corporate depositions; 2) must be filed no later than Wednesday, January 12, 2022; and 3) otherwise follows the parties' good faith attempts to resolve the discovery dispute concerning Defendants' responses without Court intervention.

Signed: January 3, 2022

W. Carleton Metcalf
United States Magistrate Judge