UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-156-MOC-WCM

| | |
|---|---|
| **KRISTINA RENE FROST and** ) | |
| **GARY ALLEN MAYS,** ) | |
| *Individually and as Personal* ) | |
| *Representatives of the Estates of* ) | |
| **Shawna Rene Mays and** ) | |
| **Tristan Allen Mays,** ) | |
| ) | **ORDER** |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **AMSAFE COMMERCIAL** ) | |
| **PRODUCTS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** comes before the Court on a Motion for Judgment on the Pleadings, filed by Defendants AmSafe Commercial Products, Inc., AmSafe Inc., Transdigm Group, Inc., and Shield Restraint Systems, Inc., pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. No. 66).

### I. BACKGROUND

Plaintiffs Kristina Rene Frost and Gary Allen Mays' ("Plaintiffs") claims against Defendants arise out of a fatal vehicle fire that occurred on July 3, 2018. Tragically, the fire took the lives of Plaintiffs' children, Shawna Rene Mays and Tristan Allen Mays. Plaintiffs have sued Defendants seeking to recover damages associated with and related to the tragic deaths of Shawna and Tristan.

Plaintiffs allege that on July 3, 2018, Ms. Frost drove a 2004 Buick Rendezvous through the Great Smoky Mountains when the vehicle caught on fire. (See Plaintiffs' First Amended

1

Complaint ("FAC") at ¶¶ 2–3). Plaintiffs contend that at the time of the fire, her son, Tristan Allen Mays, rode in a car seat manufactured by Evenflo and containing a crotch buckle manufactured by Defendants.[1] (Id. at ¶¶ 3, 21). Plaintiffs allege the car seat buckle was "defective" and, purportedly because of that alleged defect, "[a]fter several attempts, [Ms. Frost] was unable to get the defective buckle to release for her to free Tristan from the Evenflo car seat and exit the vehicle." (Id. ¶ 23). Plaintiffs further contend that the alleged delay in unbuckling Tristan from the car seat "cost [Ms. Frost] valuable time which could have been used unbuckling and getting the children and herself out of the vehicle and to safety away from the flames." (Id.). As described in Plaintiffs' Complaint, "Tragically, neither child survived the horrific event." (Id.). Tristan died at the scene as a result of the fire. (Id. ¶ 3). Shawna died the following day as a result of injuries sustained from the fire. (Id. ¶ 4).

Plaintiffs asserts numerous claims against Defendants. Specifically, Plaintiffs bring claims for Negligence, Gross Negligence, Recklessness (Count 1); Products Liability: Improper Design (Count 2); Fraud by Non-disclosure (Count 3); Fraud by Misrepresentation (Count 4); Wrongful Death (Count 5); Survival Claims under North Carolina's Survivorship Statute (Count 6); Bystander Claims (Count 7); and Products Liability: Failure to Warn (Count 8). Other than Plaintiffs' claims associated with Ms. Frost's personal injuries, all of the damages Plaintiffs seek to recover in this litigation arise out of the deaths of Shawna and Tristan.

On October 14, 2022, Defendants filed the pending motion for judgment on the pleadings. (Doc. No. 66). Plaintiffs filed a response on November 28, 2022, and Defendants filed

---

[1] The Court previously set out the detailed relationships between the named Defendants in its prior Order denying Defendants' motion to dismiss and will not do so here. See (Doc. No. 49).

a Reply on December 5, 2022. (Doc. Nos. 75, 80). This matter is ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings when it would not delay trial. FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, under Rule 12(c), a claim must be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). When considering a motion for judgment on the pleadings, as with a motion to dismiss, the Court is "obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." Feminist Majority Found. v. Hurley, 911 F.3d 674, 685 (4th Cir. 2018). "However, the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385–86 (4th Cir. 2009) (internal citations and quotations omitted).

## III. DISCUSSION

**A. Plaintiffs' Claim Under North Carolina's Wrongful Death Act, N.C. GEN. STAT. § 28A-18-2 (Count 5)**

In support of their motion for judgment on the pleadings, Defendants first argue that Plaintiffs' claims brought under North Carolina's wrongful death statute are time-barred. For the following reasons, the Court agrees.

Count 5 of Plaintiffs' Complaint asserts a cause of action under North Carolina's wrongful death statute, N.C. GEN. STAT. § 28A-18-2, seeking to recover damages from Defendants for the deaths of Shawna and Tristan. North Carolina law establishes a two-year statute of limitations for claims asserted under the wrongful death statute. The governing statute specifically states claims must be brought "[w]ithin two years . . . [for] [a]ctions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under G.S. 28A-18-2; the cause of action shall not accrue until the date of death." N.C. GEN. STAT. § 1-53(4). Accordingly, a claim under North Carolina's wrongful death statute is timely when "(1) it is instituted within two years of decedent's death and (2) on the date of [the decedent's] death the decedent's claim for bodily injury would not have been time-barred." Dunn v. Pacific Employers Ins. Co., 332 N.C. 129, 133 (1992); see also Anderson v. Southern Health Partners, Inc., 4:20-cv-95, 2020 WL 6326098, at *3 (E.D.N.C. Oct. 26, 2020) ("'A wrongful death claim . . . accrues upon the decedent's death and remedies misconduct causing death specifically.'") (quoting Taylor v. Norfolk S. Ry. Co., 86 F. Supp. 3d 448, 453 (M.D.N.C. 2015)).

Here, Plaintiffs allege that the fire that resulted in Tristan and Shawna's deaths occurred on July 3, 2018. (See FAC ¶¶ 2–3). Plaintiffs allege that Tristan died at the scene of the fire on July 3, 2018. (See id. ¶ 3). Plaintiffs further allege that Shawna died the following day, July 4, 2018, as a result of injuries sustained during the fire. (See id. ¶ 4). Accordingly, the two-year statute of limitations for Plaintiffs' wrongful death claims for Tristan and Shawna accrued on July 3, 2018, and July 4, 2018, respectively. As a result, the claims asserted on their behalf had to be commenced by no later than July 3, 2020, and July 4, 2020, to be timely asserted within the statute of limitations. Plaintiffs did not file their lawsuit against Defendants until June 11, 2021. (See Complaint, Doc. 1). Accordingly, Plaintiffs filed their wrongful death claim against

4

Defendants nearly a full year after the applicable statute of limitations expired. Thus, Plaintiffs' wrongful death claim is barred by the statute of limitations and must be dismissed with prejudice.

Plaintiffs present two arguments in their opposition brief to try to avoid the time-barred nature of their wrongful death claim. First, citing N.C. GEN. STAT. § 1–17, Plaintiffs argue that the two-year statute of limitations was "tolled" because the decedents were minors at the time of the fire resulting in their deaths. See N.C. GEN. STAT. § 1–17 (stating that a statute of limitation does not begin to run against a minor until the minor reaches age 18). Plaintiffs further contend that "the North Carolina courts, however, have developed an exception to this statute when the infant is represented by a guardian.'" (Opposition Brief at p. 4). Plaintiffs argue that therefore "the statute of limitations in this matter did not begin to run until the appointment of the appropriate representative of the estates of Shawna Mays and Tristan Mays on October 22, 2022." (Id.).

Plaintiffs' argument is not in accordance with North Carolina law. It is well settled that the tolling provision in N.C. GEN. STAT. § 1–17 does not apply to wrongful death claims because the parties in a wrongful death claim are the representatives of the estates, not the minor decedents. Dillard v. Lincare, Inc., No. 1:17cv356, 2017 WL 11049625, at *1 (M.D.N.C. July 19, 2017) ("The general rule [of tolling under N.C. GEN. STAT. § 1–17] ... is not applicable ... because the minor children are not plaintiffs. Rather, the plaintiff ... is the [qualified representative] of the estate, who acts 'in the capacity of a trustee or agent of the beneficiary of the estate.'") (quoting Boomer v. Caraway, 116 N.C. App. 723, 726 (1994), aff'd, 342 N.C. 186 (1995) (per curiam)).

Second, Plaintiffs argue that their claim was timely filed under the "savings" provision in N.C. R. CIV. P. 41(a), which provides that "[i]f an action commenced within the time prescribed

5

therefor[e], or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal . . . ." Plaintiffs contend that this lawsuit is timely, because Plaintiffs filed this action within one year of voluntarily dismissing a previous lawsuit against AmSafe in Ohio arising out of the same car fire incident. For the following reasons, Plaintiffs' argument lacks merit.

The Court first notes that Plaintiffs do not cite any cases showing that the savings provision applies where a lawsuit was originally filed in a state other than North Carolina. In any event, to the extent that the North Carolina savings provision even applies to a lawsuit filed in a different state, it is undisputed that Plaintiffs filed their claims against AmSafe in the Ohio litigation on February 25, 2021, well *after* the two-year statute of limitations expired in July of 2020. Because that claim was not timely commenced against AmSafe, Plaintiffs cannot rely on it as a viable basis to save their time-barred wrongful death claim in this lawsuit. Further, Plaintiffs fail to address how the savings provision, if it applied, could be used as a basis for the claim against the remaining Defendants who were not parties in the Ohio litigation.

In sum, because Plaintiffs' lawsuit against Defendants was filed well beyond the date of the fire and the tragic death of Plaintiffs' children, Plaintiffs' wrongful death claim is barred by the applicable statute of limitations and, as a result, Count Five of Plaintiffs' First Amended Complaint must be dismissed with prejudice.

**B. Plaintiffs' Claim under North Carolina's Survivorship Statute (Count 6), and Plaintiffs' Remaining North Carolina Common Law Claims as They Relate to Damages Associated with the Deaths of Shawna and Tristan (Counts 1, 2, 3, 7, and 8)**

In support of their motion for judgment on the pleadings, Defendants next argue that Plaintiffs' Claim under North Carolina's survivorship statute (Count 6), and Plaintiffs' remaining

6

Case 1:21-cv-00156-MOC-WCM   Document 84   Filed 03/29/23   Page 6 of 12

North Carolina common law claims as they relate to damages associated with the deaths of Shawna and Tristan (Counts 1, 2, 3, 7, and 8) must be dismissed because they are encompassed by the wrongful death statute claims. For the following reasons, the Court agrees.

As noted, Plaintiffs also assert the following North Carolina common law claims against Defendants: Negligence, Gross Negligence, and Recklessness (Count 1); Products Liability: Improper Design (Count 2); Fraud by Non-disclosure (Count 3); Fraud by Misrepresentation (Count 4); Bystander Claims (Count 7); and Products Liability: Failure to Warn (Count 8). Under North Carolina law, "any common law [survival] claim which is now encompassed by the wrongful death statute must be asserted under [the North Carolina wrongful death statute]." Christenbury v. Hedrick, 32 N.C. App. 708, 712 (1977). A claim is "encompassed by" the North Carolina wrongful death statute where it seeks "items of damage which might conceivably have been ... includable in an action for damages for death by wrongful act." Id. at 713. See, e.g., State Auto Ins. Co. v. Blind, 185 N.C. App. 707 (2007); Keys v. Duke Univ., 112 N.C. App. 518, 520 (1993) (same); Latka v. Miles, 7:14-cv-10-FL, 2015 WL 1410378, at *7 (E.D.N.C. Mar. 26, 2015) (same); Knibbs v. Momphard, 30 F.4th 200, 226 (4th Cir. 2022) ("North Carolina's wrongful death statute provides a remedy to the personal representative of a decedent's estate when the decedent would have otherwise been entitled to damages caused by another person's 'wrongful act, neglect[,] or default.' (citation omitted) This statutory right supersedes all common law claims that could have been asserted.") (citing Chistenberry, 32 N.C. App. at 708).

The types of damages recoverable under the North Carolina wrongful death statute are:

(1) Expenses for care, treatment and hospitalization incident to the injury resulting in death;

(2) Compensation for pain and suffering of the decedent;

(3) The reasonable funeral expenses of the decedent;

(4) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;

a. Net income of the decedent,

b. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,

c. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

(5) Such punitive damages as the decedent could have recovered pursuant to Chapter 1 D of the General Statutes had he survived, and punitive damages for wrongfully causing the death of the decedent through malice or willful or wanton conduct, as defined in [N.C. Gen.Stat.] 1D–5;

(6) Nominal damages when the jury so finds

N.C. GEN. STAT. § 28A–18–2(b).

As it relates to the deaths of Shawna and Tristan, the damages sought by Plaintiffs through each Plaintiffs' North Carolina common law claims are the same as the damages they seek to recover under the North Carolina wrongful death statute. Therefore, Plaintiffs' North Carolina common law claims as they relate to the deaths of Shawna and Tristan in Plaintiffs' Counts 1, 2, 3, 4, 5, 7, and 8 must be dismissed. Accord Anderson, 2020 WL 6326098, at *3 (dismissing Plaintiff's negligence claim as encompassed by the wrongful death statute); Keys, 112 N.C. App. at 522 (dismissing loss of consortium claim as encompassed by the wrongful death statute); Finch v. BASF Catalysts, LLC, No. 1:16cv1077, 2018 WL 3941978, at *5

8

(M.D.N.C. Aug. 16, 2018) (dismissing loss of consortium claim as encompassed by the wrongful death statute).

Similarly, Plaintiffs' claim under North Carolina's survival statute, N.C. GEN. STAT. § 28A-18, is encompassed by the wrongful death statute and must be asserted under that statute, because Plaintiffs unambiguously allege that a single event attributed to Defendants resulted in Shawna's and Tristan's deaths. Plaintiffs seek recovery through the survival statute for "reasonable compensation for the pain and suffering, while conscious, undergone by Shawna [and Tristan] during the period intervening between the time of [their] injury and [their] death." (FAC ¶¶ 111, 113). "'[W]hen a defendant has caused a decedent injuries that ultimately result in death, any survivorship claim merges into the wrongful death claim, with the latter providing the only remedy." Anderson, 2020 WL 6326098, at *3 (internal quotation marks omitted) (quoting Taylor, 86 F. Supp. 3d at 454; Bolick v. S. Ry. Co., 138 N.C. 370 (1905)).

North Carolina courts have recognized an exception to this rule in a very narrow set of circumstances not applicable to this case. See Alston v. Britthaven, Inc., 177 N.C. App. 330, 339 (2006)). In Alston v. Britthaven, Inc., an elderly man suffering from Alzheimer's disease died at an assisted living facility. Id. at 331–32. The plaintiff alleged the assisted living facility failed to adequately provide care for the patient and, among other issues, the patient developed pressure sores and skin ulcers. Id. The patient's estate asserted claims against the assisted living facility for wrongful death and survivorship claims for the patient's pain and suffering (and other compensatory damages) before his death.

At trial, the plaintiff presented evidence that the patient's death was caused by an infection in his bloodstream, which plaintiff attributed to the pressure sores and skin ulcers. Id. The defendant presented evidence that the patient's death was due to complications from the

9

patient's Alzheimer's condition. Id. The issue addressed on appeal in Alston was whether it was proper for the jury to receive instructions on both the wrongful death claim and the survivorship claim. The court began its analysis by recognizing that North Carolina courts have previously held that where "the complaint appeared to allege only a single claim for wrongful death, a plaintiff had not stated a claim for a survivorship action." Id. at 336 (citing Locust v. Pitt Cnty. Mem'l Hosp., 154 N.C. App. 103, 107 (2002), rev'd on other grounds, 358 N.C. 113 (2004); In re Estate of Parrish, 143 N.C. App. 244, 255 (2001)). The Alston court went on to state, "The instant case is distinguishable from these cases in several ways." Id. at 337. The Alston court ultimately held that, based on the specific circumstances in that case, it was appropriate for the plaintiff to present alternative claims under the wrongful death statute and survivorship claims. The court reasoned that a jury could reject the plaintiff's wrongful death claim (i.e., accept the defense that the death was caused by complications from the patient's Alzheimer's rather than anything attributed to the assisted living facility's conduct), but still conclude that the assisted living facility was responsible for damages under the survivorship statute for the patient's injuries and suffering from his pressure sores and skin ulcers before his death. Id. at 339–41.

Since Alston, North Carolina courts have clarified that allowing alternative claims under the survivorship and wrongful death statutes are limited to unique circumstances such as those presented in the Alston case. Therefore, even after Alston, North Carolina law still holds that where a case involves allegations of a single wrongful act leading to the death and corresponding pain and suffering before the death, the survivorship claim merges with and is encompassed by the wrongful death claim. See Blind, 185 N.C. App. at 712; Taylor, 86 F. Supp. 3d at 454; Anderson, 2020 WL 6326098, at *3; McDonald v. Suggs, No. 5:07cv339, 2008 WL 2129860, at *5 (E.D.N.C. May 20, 2008).

Here, Plaintiffs' Complaint unambiguously alleges a singular wrongful act by Defendants which caused the deaths of Shawna and Tristan as well as their alleged pain and suffering before their deaths. Unlike in Alston, there is no differing or alternative theory asserted by Plaintiffs against Defendants for the decedents' alleged injuries or pain and suffering before their deaths. Thus, the survivorship claim is clearly encompassed by the wrongful death statute and must be dismissed. Moreover, the fact that Defendants have included affirmative defenses such as potential intervening or superseding causal events does not change that analysis. Those intervening or superseding events would apply as the same defense to both the claims for pre-death suffering and as defenses to the causal event of death.

For the foregoing reasons, Plaintiffs' claims under the wrongful death act (Count 5) and survivorship statute (Count 6) are dismissed in their entirety. To the extent that the remainder of Plaintiffs' claims seek relief associated with or arising out of the death of Shawna Mays and Tristan Mays, those claims are also dismissed with prejudice. At this time, the Court will not dismiss any claims asserted by Kristina Frost for her own personal injuries that she allegedly incurred as a direct and proximate result of Defendants' conduct. Therefore, those claims remain viable.

### IV.  CONCLUSION

For the reasons stated herein, the Court grants Defendants' motion for judgment on the pleadings. To this extent, Plaintiffs' claims under the wrongful death act (Count 5) and survivorship statute (Count 6) are dismissed with prejudice. To the extent that the remainder of Plaintiffs' claims seek relief associated with or arising out of the death of Shawna Mays and Tristan Mays, those claims are also dismissed with prejudice. These include Negligence, Gross Negligence, and Recklessness (Count 1); Products Liability: Improper Design (Count 2); Fraud

by Non-disclosure (Count 3); Fraud by Misrepresentation (Count 4); Bystander Claims (Count 7); and Products Liability: Failure to Warn (Count 8). As it relates to the deaths of Shawna and Tristan, the damages sought by Plaintiffs through each of these claims are the same as the damages they seek to recover under their wrongful death claim, and these claims are therefore dismissed with prejudice.

All other claims remain viable, including any claims asserted by Kristina Frost for her own personal injuries she allegedly incurred as a direct and proximate result of Defendants' conduct.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' Motion for Judgment on the Pleadings, (Doc. No. 66), is **GRANTED**.

Signed: March 28, 2023

Max O. Cogburn Jr
United States District Judge