IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00156-MOC-WCM

| | |
|---|---|
| KRISTINA RENE FROST and GARY ALLEN MAYS, *Individually and as Personal Representatives of the Estates of* Shawna Rene Mays and Tristan Allen Mays, <br><br> Plaintiffs, <br><br> v. <br><br> AMSAFE COMMERCIAL PRODUCTS, INC., AMSAFE, INC., TRANSDIGM GROUP, INC., and SHIELD RESTRAINT SYSTEMS, INC., <br><br> Defendants. | ORDER |

Before the Court is "Plaintiffs and Defendants' Agreed Motion to Extend the April 11 Deadline for Dispositive and Daubert Motions" (the "Motion to Extend Deadlines," Doc. 85) and an "Unopposed Motion of Hilliard Martinez Gonzales, LLP, Moss and Colella, and Emily Beeson to Withdraw as Counsel for Plaintiffs" (the "Motion to Withdraw," Doc. 93).

In the Motion to Extend Deadlines, the parties request that the deadline to file motions, if any, be extended through and including June 12, 2023. Doc. 85. The parties indicate that the requested extension is appropriate light of the Court's March 29, 2023 Order granting Defendants' Motion for Judgment on

1

the Pleadings. See id. at 2 ("the Parties jointly and respectfully contend that in light of the revised scope of the litigation following the dismissal of many of Plaintiffs' claims, the Parties believe that it would be prudent and beneficial for them to devote their resources to exploring potential resolution of the litigation or otherwise assessing the case procedure going forward (including, but not limited to, the extent to which Plaintiffs desire to explore and consider any procedural options to address the remaining claims to enable any potential appellate review of the March 29 Order)").

By the Motion to Withdraw, "counsel of the law firms Hilliard Martinez Gonzales, LLP, [and] Moss and Collela" and attorney Emily Jeanette Beeson seek to withdraw as counsel of record for Plaintiffs.[1] The Motion to Withdraw states that "[c]ounsel has sought Plaintiffs' consent to withdraw, but such consent has not been provided as of the date of this filing." Doc. 93 at 1.

Allowing the Motion to Withdraw would result in the withdrawal of all remaining attorneys who have made appearances in this matter on behalf of

---

[1] As a threshold matter, the undersigned interprets the Motion to Withdraw as seeking the withdrawal of the individual attorneys, not their firms. See Thi Phuong Thao Nguyen v. Farmers Texas County Mutual Insurance Co., CIV-18-342-RAW, 2019 WL 1274933, at * 1 (E.D. Ok. Jan. 11, 2019) ("Counsel of record is not a law firm but, rather, is the individual attorney who filed the case.") report and recommendation adopted, 2019 WL 1281382 (Feb. 11, 2019); accord Seawell v. Carolina Motor Club, 209 N.C. 624 (1936) ("[a] corporation cannot lawfully practice law. It is a personal right of the individual, obtained by diligent study and good conduct, cannot be delegated or assigned, and dies with him. Since a corporation cannot practice law directly, it cannot do so indirectly by employing lawyers to practice for it.").

Plaintiffs.

Under the circumstances, the undersigned finds that a hearing on these motions would be beneficial. Accordingly, the Clerk is respectfully directed to schedule a hearing on the Motion to Extend Deadlines and the Motion to Withdraw via video teleconference.

Plaintiffs' counsel are **DIRECTED** to send a copy of this Order, along with any connection information, to Plaintiffs Kristina Rene Frost and Gary Allen Mays, and to advise Plaintiffs that the Court expects them to participate personally in the hearing via video teleconference or, if video teleconference is unavailable, via telephone.

It is so ordered.

Signed: April 10, 2023

W. Carleton Metcalf
United States Magistrate Judge