UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-156-MOC-WCM

| | |
|---|---|
| **KRISTINA RENE FROST and GARY ALLEN MAYS,** *Individually and as Personal Representatives of the Estates of* **Shawna Rene Mays and Tristan Allen Mays,** | ) ) ) ) ) ) ) |
| Plaintiffs, | ) **ORDER** ) |
| vs. | ) ) |
| **AMSAFE COMMERCIAL PRODUCTS, INC., et al.,** | ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on Defendants' Motion for Reconsideration of this Court's Order denying Defendants' Motion to Dismiss for Lack of Jurisdiction. (Doc. No. 58). Having considered the parties' arguments on the motion for reconsideration, and finding that no new evidence has been presented, that there has not been a change in controlling law, and that there is no clear error or manifest injustice to correct, the Court will **DENY** the motion.

Specifically, as to Defendants' contention that Plaintiff's mother, Tammy Frost, has changed her testimony as to the origin on the car seat in this case since this Court's ruling, the Court agrees with Plaintiffs that Tammy Frost's misstatement is not material. Tammy Frost initially testified that the car seat in question belonged to Plaintiff's sister and was loaned to Plaintiff while her car seat was being cleaned. But, after looking at photographs, Tammy Frost realized that the car seat in question was one she kept on hand for her grandchildren's use, and it

-1-

did not belong to Plaintiff's sister. Nevertheless, Tammy Frost's testimony remains that she obtained the car seat in North Carolina. See (Tammy Frost Decl., Doc. No. 68-1). Specifically, Tammy Frost has stated in a sworn declaration that she has lived in North Carolina since 2007 and "[t]he car seat that I loaned Kristina had been stored in my house for my grandchildren's use, and it was obtained North Carolina. This is the car seat that was in Kristina's car when it caught fire on July 3, 2018." (Id. ¶¶ 1, 5). Moreover, neither Plaintiff's mother nor her daughters knew that the car seat had been recalled or had buckle issues until the July 3, 2018, car fire.

The Court further finds that, contrary to Defendants' argument, the North Carolina Court of Appeals decision in Miller v. LG Chem., 281 N.C. App. 531 (2022), does not compel reversal of this Court's ruling, as Miller is not controlling law.[1] Additionally, the facts of Miller are different from the facts here. In Miller, plaintiff purchased a vape pen and an LG Chem battery cell in North Carolina, and one of the battery cells exploded in his pocket, causing severe burns. 281 N.C. App. at 533. Defendant LG Chem, a South Korean company, had "no meaningful contacts or connections to North Carolina." Id. at 532. And Defendant LG America, a Delaware corporation, only sold petrochemical products in North Carolina, not batteries. Id. Under these circumstances, the court found no specific jurisdiction over either defendant because the plaintiff's claims did not "arise out of or relate to the defendants' contacts with the forum." Id. (citing Ford Motor Co. v. Mont. Eighth Judicial Dist. Court, 141 S. Ct. 1017, 1020 (2021)). Neither Defendant ever sold batteries into the state. The defendants' contacts with North Carolina in Miller are simply different from the defendants' contacts with North Carolina in this case.

---

[1] As Plaintiff notes, Miller is on appeal to the North Carolina Supreme Court.

In sum, Defendants have not presented anything that alters this Court's prior decision on the motion to dismiss for lack of jurisdiction.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Reconsideration (Doc. No. 58) is **DENIED**.

Signed: April 26, 2023

Max O. Cogburn Jr
United States District Judge