IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00156-MOC-WCM

| | |
|---|---|
| KRISTINA RENE FROST and GARY ALLEN MAYS, *Individually and as Personal Representatives of the Estates of* Shawna Rene Mays and Tristan Allen Mays, <br><br>　　　　Plaintiffs,<br>v.<br><br>AMSAFE COMMERCIAL PRODUCTS, INC.; AMSAFE, INC.; TRANSDIGM GROUP, INC.; and SHIELD RESTRAINT SYSTEMS, INC.,<br><br>　　　　Defendants. | ORDER |

This matter is before the Court on Plaintiff's Motion to Remove Dismissed Parties and Amend Caption (the "Motion to Remove," Doc. 128), which has been filed by Kristina Rene Frost ("Ms. Frost"). A response has been filed by AmSafe Commercial Products, Inc., AmSafe, Inc., TransDigm Group, Inc., and Shield Restraint Systems, Inc. ("Defendants"). Doc. 130. Ms. Frost's counsel has also filed a Notice regarding the position of Gary Allen Mays ("Mr. Mays"). Doc. 131.

1

I. **Procedural Background**

On June 11, 2021, Ms. Frost and Mr. Mays, Individually and as Co-Personal Representatives of the Estates of Shawna Rene Mays and Tristan Allen Mays (collectively "Plaintiffs"), filed their Original Complaint. Doc. 1.

They filed an Amended Complaint on June 22, 2021. Doc. 7.

On October 14, 2022, Defendants filed a Motion for Partial Judgment on the Pleadings. Doc. 66.

On March 29, 2023, the presiding District Judge, the Hon. Max O. Cogburn Jr., granted Defendants' Motion and dismissed Plaintiffs' claims under the wrongful death act (Count 5) and survivorship statute (Count 6) along with the remainder of Plaintiffs' claims to the extent they sought relief associated with or arising out of the deaths of Shawna Mays and Tristan Mays. The Court stated that all other claims remained viable, including any claims asserted by Ms. Frost for her own personal injuries she allegedly incurred as a direct and proximate result of Defendants' conduct. Doc. 84.

By Order entered on April 20, 2023, counsel for Ms. Frost and Mr. Mays were allowed to withdraw. Doc. 107.

On October 18, 2023, Judge Cogburn denied a Motion for Summary Judgment by Defendants that pertained to the only remaining claims, which are "those asserted by Plaintiff Kristina Rene Frost in her individual capacity

associated with her own personal injuries incurred as a result of burns she received during the car fire." Doc. 116.

Subsequently, new counsel appeared for Ms. Frost. Docs. 118, 119, 120, 121. Mr. Mays remains unrepresented.

On December 14, 2023, Ms. Frost and Defendants filed a joint motion requesting a settlement conference. Doc. 124. That request was allowed, and a settlement conference has been scheduled before the undersigned on February 1, 2024. Docs. 125, 126.

## II. Discussion

By the instant Motion, Ms. Frost asks the Court to (1) remove Mr. Mays from the Court's service list, (2) exclude Mr. Mays from the February 1, 2024 settlement conference, (3) exclude Mr. Mays from attending further proceedings unless he is subpoenaed, and (4) amend the caption to reflect the current parties to this action. Doc. 128.

In response, Defendants agree "that any and all of the claims asserted by Gary Mays have been dismissed and are not currently pending before this Court," agree that Mr. Mays should be excluded from attending further proceedings unless he is subpoenaed by either party, concur that Mr. Mays' presence at the settlement conference will not be needed, and do not object to the modification of the case caption. Doc. 130. Defendants disagree, however, with Ms. Frost's request that Mr. Mays be removed from the service list as "it

3

may be necessary for Mr. Mays to continue to receive notice of case developments in order to adequately protect and preserve any appellate rights he might possess."

At the Court's direction, counsel for Plaintiff contacted Mr. Mays and advises that Mr. Mays wishes to continue receiving notifications from the Court regarding Court filings.[1]

Having reviewed the parties' filings and the record, the undersigned finds that certain relief requested by the Motion should be allowed.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Remove Dismissed Parties and Amend Caption (Doc. 128) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. To the extent the Motion requests that Mr. Mays be removed from the Court's service list, it is **DENIED WITHOUT PREJUDICE**.
2. To the extent the Motion requests that the undersigned not require Mr. Mays to participate in the settlement conference scheduled for February 1, 2024, it is **GRANTED** and Mr. Mays is advised that he is not expected to attend the conference.

---

[1] Counsel was directed "to consult with Mr. Mays regarding the relief sought by the Motion and to file, on or before 5 PM on January 25, 2024, a notice providing any material information concerning his position." Though counsel's subsequent notice (Doc. 131) is short on details, the undersigned will presume that counsel spoke with Mr. Mays concerning each type of relief sought by the Motion and that Mr. Mays expressed a position only with respect to his continued receipt of notices.

3. To the extent the Motion requests that the Court address Mr. Mays' attendance at further proceedings, including trial, and that the case caption be amended to reflect the current parties, it is **DENIED WITHOUT PREJUDICE.** The undersigned is not persuaded that an Order that generally "excludes" Mr. Mays from attending further proceedings, unless he is served with a subpoena, is warranted.[2] As the amendment of the caption involves consideration of potential jury confusion (e.g., if documents that are given to the jury contain the entire caption and the list of the original parties), that topic is more properly addressed by the presiding trial judge during, or closer to the time of, trial.

Signed: January 25, 2024

W. Carleton Metcalf
United States Magistrate Judge

---

[2] Even though he has no active claims in this case, Mr. Mays may wish to attend trial or other proceedings voluntarily.